UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL A. LEONARD,

    *Plaintiff*,

    v.

TOWN OF NORTHBOROUGH, MITCH COHEN, TIM MCINERNEY, STEPHANIE BACON, MICHELLE REHILL, JENNIFER BRUNEAU, FRED GEORGE, KAREN SCOPETSKI,

    *Defendants*.

Civ. No.: 4:25-cv-40044-MRG

## SANCTIONS ORDER

**GUZMAN, J.**

On January 21, 2026, the Court ordered pro se Plaintiff Michael Leonard ("Plaintiff") not to refer to Defendants' counsel, Courtney Mayo ("Attorney Mayo"), in any manner suggesting a personal or intimate relationship. [ECF No. 28; Hr'g Tr. 5–6:24–12 ("[Attorney Mayo] does not have an intimate relationship with you and the record will reflect that you are not—you're being ordered by the Court—not to refer to her in some personal words . . . . Do not refer to her in terms that suggest [] intimacy.")].[1] Plaintiff violated the Court's order the very next day. On January 22,

---

[1] "Hr'g Tr." denotes the transcript of the January 21, 2026 status conference. The Court's citations to the hearing transcript are to the Court Reporter's original, unedited version, on file with the Court. The final version may have different line and/or page numbers.

1

2026, Plaintiff wrote to Attorney Mayo: "Ok sweetie, baby steps for 'baby.'" [ECF No. 35-3 at 5] (emphases added).

This is not an isolated occurrence. Plaintiff has repeatedly engaged in harassment and abusive conduct toward Attorney Mayo, including making personal insults, comments on her appearance, and sexually suggestive remarks. [See, e.g., ECF No. 35-2 at 2 (during a deposition) (Plaintiff called Attorney Mayo "dumb," "very uneducated," and someone who "doesn't know what the hell she's doing"); id. at 12 ("You are a liar, Courtney. You are a horrible, horrible, horrible person. You are going to hell."); id. at 7 ("your soul is bankrupt"); id. at 6 ("you look happy, Courtney. You got a smile on your face which is nice"); id. at 9 ("you're uneducated and dumb"); id. at 10 (Attorney Mayo noting on the record that Plaintiff placed his feet on the conference room table and gave her "the middle finger"); id. at 14 ("I think the reason you're upset, right, is that you're unable to contain your emotions because you know I'm right and you also hate men"); id. ("Now, look how red Courtney Mayo is getting. This is great."); ECF No. 35-3 at 1 (email correspondence from Plaintiff to Attorney Mayo) ("Maybe its the only flirting you get. Hahaha, I see a motive"); id. at 2 ("Ok, I will compel and file for sanctions then. I bet you get off on this"); id. at 3 ("I hope they pay you by the email. You get to flirt and get paid how lovely."); id. ("Sorry I dont have a fucking calendar in my head."); id. at 3 & 4 ("You will thank me later for making you less uptight.")].

Plaintiff's conduct—particularly his immediate violation of the Court's January 21, 2026 Order—demonstrates a willful disregard for the Court's authority and warrants the imposition of sanctions. Federal courts possess the inherent authority "to issue civil contempt sanctions to 'protect the due and orderly administration of justice and maintain the authority and dignity of the court.'" Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 78 (1st Cir. 2002) (quoting Roadway

2

Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)); Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 102 (2017) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991))("Federal courts possess certain inherent powers, including 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'"). Accordingly, in light of Plaintiff's disregard for the Court's orders and his failure to heed prior warnings to treat opposing counsel with respect, the Court imposes the following sanctions:

**(1) Any further depositions must be conducted remotely.**

**(2) Any communication between Plaintiff and counsel for Defendants (including Attorney Mayo) must occur via email only. Defendants may move the Court to reconsider this sanction if it imposes a hardship. This sanction does not apply to communication during remote depositions.**

**(3) Plaintiff must seek approval from the Court to conduct any further depositions by motion. The motion must identify the proposed deponent and the amount of time Plaintiff seeks for the deposition. Provided that it's respectful, the motion may otherwise be brief and informal.**

These sanctions are narrowly tailored to prevent further harassment and to ensure compliance with the Court's orders. The Court further reminds Plaintiff that federal courts "have the inherent power to enjoin litigants who use the courts as a stage for a personal vendetta of harassment or abuse." Castro v. United States, 584 F. Supp. 252, 264 (D.P.R. 1984), aff'd, 775 F.2d 399 (1st Cir. 1985) (citing 28 U.S.C. § 1651(a)). Plaintiff is **ORDERED** to immediately cease any behavior that could be reasonably construed as harassment or abuse. Any further noncompliance with this Order or any other order of the Court will result in more severe sanctions, including dismissal of this action with prejudice. Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) ("Although this is strong medicine, not casually to be dispensed, a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions."); HMG Prop. Inv'rs., Inc. v. Parque Indus. Río Cañas, Inc., 847 F.2d 908, 918

(1st Cir. 1988) ("[W]here a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal.").

Finally, the Court joins its sister courts in noting that Plaintiff's *pro se* status does not provide him with a license to engage in bad behavior. Plaintiff must conduct himself with the same civility and decorum required of members of the bar.[2]

**SO ORDERED.**

Dated: March 11, 2026

                                                    /s/ Margaret R. Guzman
                                                  Margaret R. Guzman
                                                  United States District Judge

---

[2] See, e.g., Roseman v. Walmart, Inc., No. 5:24-CV-01775-CBM-SPX, 2025 WL 3248704, at *4 (C.D. Cal. Oct. 21, 2025) ("Pro se litigants must also engage in respectful and professional conduct."); Kolts v. Carlson, No. 2:21-CV-221, 2024 WL 4242062, at *8 n.4 (D. Vt. Sept. 19, 2024) ("Self-represented litigants are expected to engage in the same civility as represented litigants and their attorneys."); Kirin v. Coy Bro's Inc., No. 4:23-CV-2186, 2024 WL 2374197, at *2 (N.D. Ohio Mar. 12, 2024) ("Even as a *pro se* litigant, Plaintiff has a duty to remain civil and respectful."); Houghtaling v. Eaton, 559 F. Supp. 3d 164, 170 (W.D.N.Y. 2021) ("While the Court is cognizant that [*pro se*] Plaintiff wants and is entitled to represent himself zealously, he is also subject to the rules of decorum of this Court."); Duncan v. Illinois Cent. R. Co., No. CIV.A. 03-2849, 2005 WL 283356, at *3 (E.D. La. Feb. 3, 2005) ("While *pro se* litigants, given that they are not licensed attorneys, are afforded a certain amount of indulgence and patience by the Court, they must still conduct themselves as responsible and respectful litigants."); Herrington v. Bristol, No. 2:16-CV-00680-AC, 2019 WL 7598855, at *4 (D. Or. July 29, 2019), report and recommendation adopted, No. 2:16-CV-00680-AC, 2020 WL 265192 (D. Or. Jan. 17, 2020), aff'd, No. 20-35288, 2022 WL 1421442 (9th Cir. May 5, 2022) ("That he is a *pro se* plaintiff is of no consequence, for Herrington must nevertheless conduct himself with civility and restraint befitting this court."); Smith v. Orange Cnty. Sch. Bd., No. 6:04CV1811ORL28DAB, 2006 WL 4792579, at *4 (M.D. Fla. Sept. 15, 2006), aff'd sub nom. Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361 (11th Cir. 2007) ("Although Plaintiff is proceeding *pro se,* he is expected to follow the standards of courtesy and decorum appropriate for all litigants proceeding in this Court."); Dec v. Butler PA. Comm'r & Solic., No. 2:23-CV-00072, 2023 WL 4303464, at *2 (W.D. Pa. May 5, 2023), report and recommendation adopted, No. 2:23-CV-00072-CCW, 2023 WL 4295808 (W.D. Pa. June 30, 2023) ("Mr. Dec is advised that the Court expects all litigants, including those proceeding *pro se*, to behave themselves with proper decorum and civility.").