**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MICHAEL LEONARD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOWN OF NORTHBOROUGH, TIMOTHY MCINERNEY, MITCH COHEN, STEPHANIE BACON, MICHELLE REHILL, JENNIFER BRUNEAU, FRED GEORGE, KAREN SCOPETSKI,**<br><br>**Defendants.** | **Civil No. 25-cv-40044-MRG** |

**ORDER ON MOTION FOR RECONSIDERATION [ECF No. 48]**

**GUZMAN, J.**

Plaintiff Michael Leonard moves for reconsideration of the Court's oral ruling dismissing his case with prejudice. [ECF No. 48].

District courts have "substantial discretion and broad authority to grant or deny" motions for reconsideration under Rule 59(e). Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81 (1st Cir. 2008) (citing United States v. 5 Bell Rock Rd., 896 F.3d 605, 611 (1st Cir. 1990)). For the Court to grant his motion, Leonard must "clearly establish a manifest error of law or must present newly discovered evidence." Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). The purpose of such a motion is *not* to allow Leonard a forum to "repeat arguments previously made[.]" Id. (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). Notably, the granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." United States ex rel. Solano v. Barton Assocs., Inc., 177 F.4th 315, 325 (1st. Cir. 2026) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

The Court dismissed Leonard's case because of his repeated failure to comply with the Court's orders, and for conduct the Court deemed as harassing and abusive. In particular, the Court considered the following:[1]

[1] The conduct for which the Court describes was set out on the record at the May 7, 2026 hearing, but a brief revisit of the conduct giving rise to dismissal is warranted, particularly here where Leonard's description of the events greatly contradicts the events that took place.

- On September 22, 2025, Leonard made an unauthorized recording of federal court proceedings and conducted himself in a manner that caused courthouse staff to reasonably fear for their personal safety.

- On January 22, 2026, Leonard violated a *clear* order from the Court which directed Leonard not to refer to an opposing attorney in any manner suggesting a personal or intimate relationship, given the day before on January 21, 2026. Leonard engaged in conduct that could be reasonably characterized as harassing, abusive, and sexually suggestive, including comments on an attorney's appearance.

- On March 11, 2026, the Court ordered Leonard to immediately cease any behavior that could reasonably be construed as harassment or abuse and warned that failure to adhere to the Court's orders would result in sanctions, including potential dismissal of the action with prejudice. Leonard, while conducting a deposition in the same month, violated the Court's order by directing a derogatory insult to the deposition witness and posed a question that invoked the murder of a religious group that could reasonably be construed as harassing and targeted toward the witness' perceived religion.

Federal Rule of Civil Procedure 41(b) "expressly authorizes a district court to dismiss a case with prejudice for 'failure of the plaintiff to prosecute or to comply with . . . any order of court.'" Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990) (quoting Fed. R. Civ. P. 41(b)). The Court was well within its discretion to invoke the ultimate sanction of dismissal because of Leonard's repeated misconduct and direct violation of the Court's clear orders. Leonard has failed to meet his burden to demonstrate that a manifest error of law has occurred.[2] He asks the Court to consider the broader context of the deposition in question, but the context demonstrates the exact issues the Court took with Leonard's conduct. He urges this Court—and the Defendants—to "put the past behind us[.]" [ECF No. 48 at 5]. And he apologizes in the event his language or tone offended the Court, its staff, and the opposing attorneys. [Id. at 2]. The apologies are too little and too late. The Court's words were clear that Leonard's repeated conduct in violation of the Court's orders would result in dismissal with prejudice of the action, and he nevertheless continued his behavior, leaving the Court with little choice but to follow through on its warnings.

Therefore, because Leonard does not demonstrate that reconsideration of the Court's order is warranted, the Court **DENIES** his motion. [ECF No. 48].

**SO ORDERED.**

Dated: November 23, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

[2] Leonard does not allege the existence of any newly discovered evidence.